IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>SEASON HOPE EAGLEMAN,<br><br>Defendant/Movant. | Cause No. CR 06-80-GF-BMM<br>CV 16-73-GF-BMM<br><br>ORDER DENYING § 2255 MOTION AND GRANTING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant Eagleman's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Eagleman is a federal prisoner proceeding with counsel. The Court conducted a hearing on Eagleman's motion on November 1, 2017. (Doc. 37.) Counsel argued on behalf of Eagleman and the United States.

## I. Background

Eagleman pled guilty in 2006 to one count of assault with a dangerous weapon with intent to do bodily harm, a violation of 18 U.S.C. § 113(a)(3) ("Count 1"), and one count of using or carrying and discharging a firearm during and in relation to a crime of violence, a violation of 18 U.S.C. § 924(c)(1)(A) and (iii) ("Count 2"). The Court sentenced Eagleman on January 25, 2007, to a term of 30 months on Count 1 and a mandatory consecutive seven-year term on Count 2. *See*

1

Plea Agreement (Doc. 15) at 3-4 ¶ 6, 5 ¶ 8; Judgment (Doc. 25) at 1-2. She seeks relief under the United States Supreme Court's recent decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). *See also Welch v. United States*, __ U.S. __, 136 S. Ct. 1257, 1265 (2016) (applying *Johnson* to cases already final when it was issued).

## II.  18 U.S.C. § 924(e)

The Court in *Johnson* considered the meaning of a provision in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The ACCA imposes a harsher sentence on a person convicted of a firearms offense if the person has three prior convictions for a violent felony or controlled substance offense. The Act defines a "violent felony" as a felony that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B) (emphasis added). *Johnson* discussed only the italicized clause, commonly called the "residual" clause.

The Supreme Court determined the residual clause to be vague to the extent that it deprived defendants of fair notice of the consequences of their decisions and so loose that it invited arbitrary enforcement by sentencing judges. *Johnson* prohibited federal sentencing courts from enhancing a defendant's sentence based

2

on a prior conviction when that conviction qualifies as a "violent felony" only under the residual clause. *See Johnson*, 135 U.S. at 2555-60, 2563. *Johnson* did not address either subsection (i), or the first line of subsection (ii), in § 924(e)(2)(B). Those provisions remain valid law.

### III. 18 U.S.C. § 924(c)

Eagleman challenges her conviction under 18 U.S.C. § 924(c)(1)(A), and (iii), for using or carrying a firearm during and in relation to a "crime of violence." Section § 924(c)(3)'s definition of "crime of violence" differs from than the definition of a "violent felony" in § 924(e)(2)(B):

> (3) For purposes of this subsection [§ 924(c)] the term "crime of violence" means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

Eagleman asks the Court to assume that the residual clause in § 924(c)(3)(***B***) suffers from the same unconstitutional vagueness identified in *Johnson* that invalidated the residual clause. Eagleman's conviction and sentence under § 924(c) would still be valid, however, if the "crime of violence" that she committed "ha[d] as an element the use, attempted use, or threatened use of physical force against the

3

person or property of another." 18 U.S.C. § 924(c)(3)(*A*).

## IV. Assault with a Dangerous Weapon and Intent to Do Bodily Harm

Eagleman used a firearm in furtherance of a "crime of violence," as defined by the force clause of § 924(c)(3)(A). "Physical force" means "*violent* force—that is, force capable of causing physical pain or injury to another person," as opposed to the common-law definition of force that included mere offensive touching. *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original).

"Use" of physical force requires an intentional act, as opposed to a negligent one. *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004). "Use" of force also captures a reckless act. *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1129-32 (9th Cir. 2006) (en banc). The Ninth Circuit in *United States v. Benally*, 843 F.3d 350, 354 (9th Cir. 2016), recently excluded involuntary manslaughter from the crime of violence category. The Ninth Circuit determined that involuntary manslaughter, defined as murder without malice, failed to qualify as a crime of violence because it requires only a showing of gross negligence. *Id.*

The crime alleged in Count 1 of Eagleman's indictment, assault with a dangerous weapon with intent to do bodily harm, constitutes the "crime of violence" underlying Eagleman's conviction on Count 2. Assault with the intent to do bodily harm entails more than merely intentional striking or wounding. Assault with intent to do bodily harms also entails an intent to avail oneself of force

4

capable of causing physical injury. *See* 18 U.S.C. § 113(a)(3).

The Seventh Circuit in *United States v. Watts*, 798 F.3d 650, 652 (7th Cir. 2015), noted that "assault" as used in 18 U.S.C. § 113(a) primarily means common law "battery." *See also United States v. Lamott*, 831 F.3d 1153, 1157 (9th Cir. 2016); 9th Cir. Jury Instr. (Crim.) 8.5 (2003); Plea Agreement (Doc. 17) at 5-6 ¶ 8. The statute simply requires the use of force sufficient to cause to have used, attempt to have used, or threat to have used force. *Leocal*, 543 U.S. at 9; *Johnson I*, 559 U.S. at 140.

The Ninth Circuit in *United States v. Calvillo-Palacios*, 860 F.3d 1285, 1292-93 (9th Cir. 2017), recently addressed whether a Texas state conviction for aggravated assault could form the basis of a "crime of violence" sentencing enhancement. The Ninth Circuit reasoned that the defendant's commission of simple assault became an aggravated assault when he intentionally or knowingly threatened a person with imminent bodily harm. *Id.* at 1289. The Court rejected defendant's argument that the terms "bodily injury" and "physical force" would not be "synonymous or interchangeable." *Id.* at 1290. The Court noted that the Ninth Circuit has rejected this type of designation, and, instead, has held repeatedly that threat and assault statutes "necessarily involve the use of violent, physical force." *Id.* citing *United States v. Juvenile Female*, 566 F.3d 943, 947-48 (9th Cir. 2009) (concluding that "assault involving a deadly or dangerous weapon or

resulting in bodily injury" constituted a crime of violence under 18 U.S.C. § 16(a)); *See also United States v. Sutton*, No. 16-35317, 2017 WL 3499917 at *1 (9th Cir. Aug. 16, 2017) (unpublished mem. disp.). Assault with a dangerous weapon with intent to do bodily harm constitutes a crime of violence under the circumstances.

Eagleman disputes this conclusion. She argues that "the least culpable act which satisfies the offense would be using a display of force which caused a person to fear immediate bodily harm." Mot. § 2255 (Doc. 27) at 14. It seems clear that this act would be a threatened use of physical force against the person of another. This argument ignores two other elements of Eagleman's offense: *using* a dangerous weapon while also harboring an *intent to harm* the other person. Eagleman's position raises the question of how such an act could fail to constitute a use, or attempt, or threat to use, in an instrumental way, "*violent* force—that is, force capable of causing physical pain or injury to another person," as required in *Johnson I* and *Leocal*.

Eagleman argues that a statute that requires proof of injury or harm to a victim rather than use of force by a defendant falls outside the category of "crimes of violence." She contends that bodily harm or injury may be caused by an indirect use of force, for example, by "exposing another person to an allergen or poison." Reply (Doc. 33) at 19.

The Supreme Court already has rejected the argument that indirect force fails to qualify as a type of force. *Castleman v. United States*, __ U.S. __, 134 S. Ct. 1406 (2014), pointed out that shooting someone qualifies an indirect use of force, but surely the force a bullet carries into a body would constitute "*violent* force" within the meaning of *Johnson I*. The Supreme Court reasoned that "the 'use' of force must entail 'a higher degree of intent than negligent or merely accidental conduct.'" An offense that requires the government to prove that the defendant used "*violent* force" intentionally or in an instrumental way, even if applied indirectly, fails to negate any term of the force clause of § 924(c)(3)(A). Assault with a dangerous weapon and intent to do bodily harm, "by its nature, involves a substantial risk that physical force against the person or property of another may be used." 18 U.S.C. § 924(c)(3)(B).

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

7

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The standard is "lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

Eagleman's claim meets this "lenient" standard. Reasonable jurists could agree that Eagleman's conduct falls outside the scope of the force clause of § 924(c)(3)(A). The Ninth Circuit has not addressed this issue directly. The Supreme Court's decision in *Johnson* and *Welch* raise doubts as to the validity of Eagleman's sentence that warrants further review.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Eagleman's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 27) is DENIED;

2. A certificate of appealability is GRANTED. The Clerk of Court shall immediately process the appeal if Eagleman files a Notice of Appeal.

DATED this 16th day of November, 2017.

/s/ Brian Morris
Brian Morris
United States District Court Judge