IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SEASON HOPE EAGLEMAN,<br><br>Defendant. | CR 06-80-GF-SPW-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I.  Synopsis

Defendant Season Hope Eagleman (Eagleman) has been accused of violating the conditions of her supervised release.  Eagleman admitted the alleged violations.  Eagleman's supervised release should be revoked.  Eagleman should be placed in custody for 2 months, with 52 months of supervised release to follow.

## II.  Status

Eagleman pleaded guilty to Assault with a Dangerous Weapon, and Use of a Firearm During a Crime of Violence on October 3, 2006.  (Doc. 19).  The Court sentenced Eagleman to 114 months of custody, followed by 5 years of supervised release.  (Doc. 25-1).  Eagleman's current term of supervised release began on October 4, 2019.  (Doc. 74 at 2).

**Petition**

The United States Probation Office filed an Amended Petition requesting that the Court revoke Eagleman's supervised release on March 27, 2020. (Doc. 81). The Amended Petition alleged that Eagleman violated the conditions of her supervised release: 1) by failing to complete her 180-day term at the Great Falls Residential Reentry Center; and 2) by using a controlled substance.

**Initial appearance**

Eagleman appeared before the undersigned for her initial appearance on the Amended Petition on March 31, 2020. Eagleman was represented by counsel. Eagleman stated that she had read the Amended Petition and that she understood the allegations. Eagleman waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on March 31, 2020. Eagleman admitted that she had violated the conditions of his supervised release: 1) by failing to complete her 180-day term at the Great Falls Residential Reentry Center; and 2) by using a controlled substance. The violations are serious and warrant revocation of Eagleman's supervised release.

Eagleman's violations are Grade C violations. Eagleman's criminal history

category is I.  Eagleman's underlying offenses are Class C and Class A felonies. Eagleman could be incarcerated for up to 24 months on Count 1, and 60 months on Count 2.  Eagleman could be ordered to remain on supervised release for up to 54 months, less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.  Analysis

Eagleman's supervised release should be revoked.  Eagleman should be incarcerated for 2 months, with 52 months of supervised release to follow.  This sentence is sufficient but not greater than necessary.

### IV.  Conclusion

The Court informed Eagleman that the above sentence would be recommended to United States District Judge Susan P. Watters.  The Court also informed Eagleman of her right to object to these Findings and Recommendations within 14 days of their issuance.  The Court explained to Eagleman that Judge Watters would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. Eagleman stated that she wished to waive her right to object to these Findings and Recommendations, and that she wished to waive her right to allocute before Judge Watters.

The Court **FINDS:**

That Season Hope Eagleman violated the conditions of her supervised release: by failing to complete her 180-day term at the Great Falls Residential Reentry Center; and 2) by using a controlled substance.

The Court **RECOMMENDS:**

That District Court revoke Eagleman's supervised release and commit her to the custody of the United States Bureau of Prisons for a term of 2 months, with 52 months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 1st day of April, 2020.

_____
John Johnston
United States Magistrate Judge