IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SEASON HOPE EAGLEMAN,<br><br>Defendant. | CR 06-80-GF-SPW-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Season Hope Eagleman (Eagleman) has been accused of violating the conditions of her supervised release. Eagleman admitted all of the alleged violations. Eagleman's supervised release should be revoked. Eagleman should receive a custodial sentence of time served, with 49 months of supervised release to follow. While on supervised release, Eagleman should be required to take all mental health medications that have been prescribed by her health care providers.

## II. Status

Eagleman pleaded guilty to Assault with a Dangerous Weapon, and Use of a Firearm During a Crime of Violence on October 3, 2006. (Doc. 19). The Court sentenced Eagleman to 114 months of custody, followed by 5 years of supervised

release. (Doc. 25-1). Eagleman's current term of supervised release began on May 22, 2020. (Doc. 90 at 3).

**Petition**

The United States Probation Office filed a Petition on July 14, 2020, requesting that the Court revoke Eagleman's supervised release. (Doc. 90). The Petition alleged that Eagleman had violated the conditions of her supervised release: 1) by using methamphetamine on two separate occasions; and 2) by failing to notify her probation officer of a change in employment status.

**Initial appearance**

Eagleman appeared before the undersigned for her initial appearance on July 16, 2020. Eagleman was represented by counsel. Eagleman stated that she had read the petition and that he understood the allegations. Eagleman waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on September 29, 2020. Eagleman admitted that she had violated the conditions of his supervised release: 1) by using methamphetamine on two separate occasions; and 2) by failing to notify her probation officer of a change in employment status. The violations are

2

serious and warrant revocation of Eagleman's supervised release.

Eagleman's violations are Grade C violations. Eagleman's criminal history category is I. Eagleman's underlying offense in Count 1 is a Class A felony. Eagleman's underlying offense in Count 2 is a Class C felony. Eagleman could be incarcerated for up to 60 months on Count 1, and 24 months on Count 2. Eagleman could be ordered to remain on supervised release for up to 52 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Eagleman's supervised release should be revoked. Eagleman should receive a custodial sentence of time served, with 49 months of supervised release to follow. While on supervised release, Eagleman should be required to take all mental health medications that have been prescribed by her health care providers. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Eagleman that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Eagleman of her right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Eagleman that Judge

Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. Eagleman stated that she wished to waive her right to object to these Findings and Recommendations, and that she wished to waive her right to allocute before Judge Morris.

The Court **FINDS:**

> That Season Hope Eagleman violated the conditions of his supervised release: by using methamphetamine on two separate occasions; and by failing to notify her probation officer of a change in employment status.

The Court **RECOMMENDS:**

> That the District Court revoke Eagleman's supervised release and commit Eagleman to the custody of the United States Bureau of Prisons for a term of time served, with 49 months of supervised release to follow. While on supervised release, Eagleman should be required to take all mental health medications that have been prescribed by her health care providers.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and

Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 30th day of September, 2020.

John Johnston
United States Magistrate Judge