IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 06-80-GF-SPW-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| SEASON HOPE EAGLEMAN, | |
| Defendant. | |

## I. Synopsis

Defendant Season Hope Eagleman (Eagleman) has been accused of violating the conditions of her supervised release. Eagleman admitted all of the alleged violations, except alleged violation 3. The Court dismissed alleged violation 3 on the government's motion. Eagleman's supervised release should be revoked. Eagleman should be placed in custody for 6 months, with 43 months of supervised release to follow. Eagleman should serve her term of custody at a Federal Medical Facility that can address her mental health and substance abuse issues. Eagleman should serve up to the first 6 months of her supervised release at a residential re-entry center.

## II.  Status

Eagleman pleaded guilty to Assault with a Dangerous Weapon, and Use of a Firearm During a Crime of Violence on October 3, 2006.  (Doc. 19).  The Court sentenced Eagleman to 114 months of custody, followed by 5 years of supervised release.  (Doc. 25-1).  Eagleman's current term of supervised release began on October 2, 2020.  (Doc. 119 at 3).

**Petition**

The United States Probation Office filed an Amended Petition on September 23, 2021, requesting that the Court revoke Eagleman's supervised release.  (Doc. 119).  The Amended Petition alleged that Eagleman had violated the conditions of her supervised release: 1) by using methamphetamine on two separate occasions; 2) by failing to take her Wellbutrin as prescribed by her physician; 3) by consuming alcohol; and 4) by failing to successfully complete her substance abuse treatment program.

**Initial appearance**

Eagleman appeared before the undersigned for her initial appearance on October 5, 2021.  Eagleman was represented by counsel.  Eagleman stated that she had read the petition and that she understood the allegations.  Eagleman waived her right to a preliminary hearing.  The parties consented to proceed with the

revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on October 5, 2021. Eagleman admitted that she had violated the conditions of his supervised release: 1) by using methamphetamine on two separate occasions; 2) by failing to take her Wellbutrin as prescribed by her physician; and 3) by failing to successfully complete her substance abuse treatment program. The Court dismissed alleged violation 3 on the government's motion. The violations that Eagleman admitted are serious and warrant revocation of Eagleman's supervised release.

Eagleman's violations are Grade C violations. Eagleman's criminal history category is I. Eagleman's underlying offense in Count 1 is a Class C felony. Eagleman's underlying offense in Count 2 is a Class A felony. Eagleman could be incarcerated for up to 24 months on Count 1, and 60 months on Count 2. Eagleman could be ordered to remain on supervised release for up to 36 months, less any custody time imposed on Count 1. Eagleman could be ordered to remain on supervised release for up to 60 months, less any custody time imposed on Count 2. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Eagleman's supervised release should be revoked. Eagleman should be placed in custody for 6 months, with 43 months of supervised release to follow. Eagleman should serve her term of custody at a Federal Medical Facility that can address her mental health and substance abuse issues. Eagleman should serve up to the first 6 months of her supervised release at a residential re-entry center. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Eagleman that the above sentence would be recommended to United States District Judge Susan P. Watters. The Court also informed Eagleman of her right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Eagleman that Judge Watters would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Season Hope Eagleman violated the conditions of her supervised release: by using methamphetamine on two separate occasions; by failing to take her Wellbutrin as prescribed by her physician; and by failing to successfully complete her substance abuse treatment program.

The Court **RECOMMENDS:**

That the District Court revoke Eagleman's supervised release and commit Eagleman to the custody of the United States Bureau of Prisons for 6 months, with 43 months of supervised release to follow. Eagleman should serve her term of custody at a Federal Medical Facility that can address her mental health and substance abuse issues. Eagleman should serve up to the first 6 months of her supervised release at a residential re-entry center.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 6th day of October, 2021.

John Johnston
United States Magistrate Judge