## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SEASON HOPE EAGLEMAN,<br><br>Defendant. | CR 06-80-GF-SPW-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Season Hope Eagleman (Eagleman) has been accused of violating the conditions of her supervised release. Eagleman admitted all of the alleged violations. Eagleman's supervised release should be revoked. Eagleman should receive a custodial sentence of time served, with no supervised release to follow.

## II. Status

Eagleman pleaded guilty to Assault with a Dangerous Weapon, and Use of a Firearm During a Crime of Violence on October 3, 2006. (Doc. 19). The Court sentenced Eagleman to 114 months of custody, followed by 5 years of supervised release. (Doc. 25-1). Eagleman's current term of supervised release began on March 21, 2022. (Doc. 128 at 4).

**Petition**

The United States Probation Office filed a Petition on May 2, 2022, requesting that the Court revoke Eagleman's supervised release. (Doc. 128). The Petition alleged that Eagleman had violated the conditions of her supervised release: 1) by failing to complete her 180-day term at the Great Falls Residential Reentry Center; 2) by using methamphetamine and marijuana; and 3) by committing another crime.

**Initial appearance**

Eagleman appeared before the undersigned for her initial appearance on June 21, 2022. Eagleman was represented by counsel. Eagleman stated that she had read the petition and that she understood the allegations. Eagleman waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on July 6, 2022. Eagleman admitted that she had violated the conditions of her supervised release: 1) by failing to complete her 180-day term at the Great Falls Residential Reentry Center; 2) by using methamphetamine and marijuana; and 3) by committing another crime. The violations are serious and warrant revocation of Eagleman's supervised

2

release.

Eagleman's violations are Grade B violations. Eagleman's criminal history category is I. Eagleman's underlying offense in Count 1 is a Class C felony. Eagleman's underlying offense in Count 2 is a Class A felony. Eagleman could be incarcerated for up to 24 months on Count 1, and 60 months on Count 2. Eagleman could be ordered to remain on supervised release for up to 36 months on Count 1, less any custody time imposed. Eagleman could be ordered to remain on supervised release for up to 60 months on Count 2, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III.  Analysis

Eagleman's supervised release should be revoked. Eagleman should receive a custodial sentence of time served, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV.  Conclusion

The Court informed Eagleman that the above sentence would be recommended to United States District Judge Susan P. Watters. The Court also informed Eagleman of her right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Eagleman that Judge

3

Watters would consider a timely objection before making a final determination on

whether to revoke her supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Season Hope Eagleman violated the conditions of her supervised
> release: by failing to complete her 180-day term at the Great Falls
> Residential Reentry Center; by using methamphetamine and marijuana; and
> by committing another crime.

The Court **RECOMMENDS:**

> That the District Court revoke Eagleman's supervised release
> and commit Eagleman to the custody of the United States Bureau of
> Prisons for a term of time served, with no supervised release to
> follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will

make a de novo determination regarding any portion of the Findings and

Recommendations to which objection is made.  The district court judge may

accept, reject, or modify, in whole or in part, the Findings and Recommendations.

Failure to timely file written objections may bar a de novo determination by the

district court judge, and may waive the right to appear and allocute before a

district court judge.

DATED this 7th day of July, 2022.

John Johnston
United States Magistrate Judge